IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUNE WARREN a/k/a JUNE ROUTZAHN,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-3536 |
| | : | |
| **ZUN XIN LIN,** *et al.*, | : | |
| Defendants. | : | |

MEMORANDUM

**GOLDBERG, J.**                                                                                                        **OCTOBER 19, 2022**

Before me are Plaintiff June Warren's Complaint, Motion to Proceed In Forma Pauperis, and Motion for Appointment of Counsel. (ECF Nos. 1-3.) Warren seeks reversal of a state court judgment that resulted in the sale of her property. For the following reasons, I will grant Warren leave to proceed in forma pauperis, dismiss her Complaint, and deny her Motion for Appointment of Counsel.

**I.      FACTUAL ALLEGATIONS[1]**

Warren alleges that she resided in her home at 4140 Longshore Avenue in Philadelphia since 1996. (Compl. at 4.)[2] She alleges that she made fifteen years of "solid payments" on her home loan even after she lost her job in 2010. (Id.) Nevertheless, it appears that she fell behind on her payments, and her home was foreclosed upon after proceedings in state court and ultimately

---

[1] The following factual allegations are taken from the Complaint and publicly available records of which this Court takes judicial notice. See Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006).

[2] Page numbers refer to the pagination supplied by the CM/ECF docketing system.

1

sold at a sheriff's sale to Zun Xin Lin. (Id.) The Complaint suggests that among the issues in the state court litigation was whether Warren had abandoned her home, which she claims not to have done. (Id.) Public records confirm that Prudential Bank filed a foreclosure action against Warren in 2017, which resulted in a judgment in favor of Prudential Bank and a sale of the property at 4140 Longshore Avenue to Lin on or about November 5, 2019. Prudential Bank v. Warren, No. 170501702 (Phila. C.P.). Public records also reflect that Lin filed an ejectment action against Warren in 2021, which resulted in a judgment in Lin's favor. Lin v. Warren, No. 211100941 (Phila. C.P.).

Based on these allegations, Warren filed this civil action against Lin, Duane Morris, the "Philadelphia Police Department, 15th District," and the Philadelphia Sheriff's Office. She asks this Court to "reverse the Sheriff's sale of [her] property" to Lin and to "give [her] back the keys to [her] home."³ (Compl. at 5.) Warren alleges that the state court lacked jurisdiction to "throw [her] out" because she was the owner of the home and believes that the state court misled her in certain respects. (Id. at 3.) Warren also asks the Court to "press charges" based on her allegedly improper arrest by officers of the Philadelphia Police Department. (Id. at 5.) In that regard, Warren alleges that she was arrested, thrown in prison, and forced to cut her hair. (Id.) Warren does not seek any other relief from the Court.

## II.   STANDARD OF REVIEW

I will grant Warren leave to proceed in forma pauperis because it appears that she is not capable of prepaying the fees to commence this civil action. Accordingly, I have an obligation to determine whether Warren's claims can be heard in federal court.

---

³ Warren repeats her request for reversal of "the State's Court Sheriff sale" in her Motion for Appointment of Counsel. (ECF No. 3 at 2.)

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Examples of cases that can be heard in federal court are cases based on federal law, see 28 U.S.C. § 1331, or cases in which the plaintiffs and defendants are from different states and the amount in controversy is at least $75,000, see 28 U.S.C. § 1332(a). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III. DISCUSSION

For the reasons set out below, this Court does not have jurisdiction to hear Warren's claims.

#### A. Lin and the Sheriff's Office

The thrust of Warren's Complaint is that proceedings in state court resulted in erroneous judgments against her that led to the sale of her property at a Sheriff's sale and her subsequent removal from her home. Based on that contention, Warren seeks reversal of the state court's judgment. This Court cannot exercise jurisdiction over a request to reverse a state-court judgment.

Pursuant to the Rooker-Feldman doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." Great W. Mining & Mineral Co. v. Worthless Rothschild LLP, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the Rooker-Feldman doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id. at 166 (quotation marks omitted).

As noted above, Warren only seeks two forms of relief, one of which is reversal of the state court's judgment authorizing the sale of her property. The Rooker-Feldman doctrine deprives this Court of jurisdiction to consider whether Warren is entitled to that relief. See Wharwood v. Wells

3

Fargo Bank NA, No. 20-3449, 2021 WL 4438749, at *2 (3d Cir. Sept. 28, 2021) ("To the extent that Wharwood challenges the foreclosure action, … her challenge is barred by Rooker-Feldman from review in federal court.").

This Court also cannot exercise jurisdiction over Warren's claims against Lin and the Sheriff's Office because I cannot discern a basis for a claim against either Defendant that would properly belong in federal court. As noted, federal courts can only hear limited types of cases, and a case cannot be heard in federal court unless there is a basis for federal jurisdiction, such as a claim based on federal law or a lawsuit between parties of different states. The factual allegations against Lin and the Sheriff's Office are unclear and I cannot discern what these Defendants are alleged to have done that would give Warren a federal claim against either of them. Furthermore, as both Warren and Lin appear to live in Pennsylvania, this does not appear to be a case between citizens of different states. See 28 U.S.C. § 1332.

    **B.**    **The Philadelphia Police Department**

Warren's claims against the Philadelphia Police Department are vague but appear to be civil rights claims seeking imposition of criminal charges in connection with Warren's allegedly "improper arrest." (Compl. at 5.) A private citizen cannot sue in federal court to obtain "the prosecution … of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). There is therefore no federal jurisdiction over this claim.

    **C.**    **Duane Morris**

The only fact Warren alleges involving Duane Morris is that she was terminated from a job there in 2010. Warren does not contend that Duane Morris violated her rights or request any relief against Duane Morris. I cannot discern any claim against Duane Morris that would be within this Court's subject-matter jurisdiction.

## IV. LEAVE TO AMEND

A court dismissing a pro se complaint should give the plaintiff leave to amend when amendment would not be clearly futile. See Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

It is not inconceivable that Warren could amend her complaint to state a claim related to her allegedly unlawful arrest, her termination from Duane Morris, or the foreclosure action. See Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 173 (3d Cir. 2010) (permitting a due-process claim related to a state-court proceeding that did not seek reversal of the state-court judgment). However, I will not permit Warren to amend her claims against the Philadelphia Police Department and Duane Morris because these claims are too unrelated to the foreclosure sale. See Fed. R. Civ. P. 20(a)(2). Nothing in this Memorandum precludes Warren from filing a new lawsuit in this or a different court against proper defendants and seeking appropriate relief should she choose to do so. I express no opinion on any such lawsuit.

I will permit Warren to amend her claim with respect to the sale of her home if Warren can state a claim that: (1) does not seek reversal of a state court judgment; and (2) is within the jurisdiction of this Court. Warren's present Complaint is simply too vague for me to determine whether such an amendment may be possible. In an abundance of caution and in consideration of Warren's pro se status, I will permit such an amendment.

## V. CONCLUSION

For the foregoing reasons, I will grant Warren leave to proceed in forma pauperis and dismiss her Complaint for lack of jurisdiction. Because this Court has no jurisdiction over Warren's lawsuit, I will not appoint counsel for Warren.

An appropriate Order follows.